FILED
2026 Sep-04 PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **SHANITA ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO:** |
| | ) | |
| **KOHLER CO, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

COMES NOW, Plaintiff, SHANITA ROSS, and files her Complaint against Defendant, KOHLER CO., INC., and, in support thereof, shows as follows:

## INTRODUCTION

Plaintiff is a 36-year-old gay African-American female. She began working at Kohler Co., Inc. on or around October 21, 2021 at the Huntsville, Alabama location as a Molding Operator. On or around May 19, 2025, after an altercation involving co-worker, Kenneth Stevens, who threatened Plaintiff by stating, "you think you're a man, so I'm going to beat your ass like a man. If I don't catch you here, I'll catch you outside of work."

Ms. Ross was suspended for "not acting leaderly" and sent home for the remainder of the day. That same afternoon at or around 5 p.m., Ms. Ross received a call and was told she was being demoted to work in the press area and that her pay

would be reduced.

When Ms. Ross found out that Mr. Stevens was not terminated and would still be working near her, she was scared to be around him and immediately resigned.

## PARTIES

1. Shanita Ross (hereinafter "Plaintiff" or "Ross") is above the age of nineteen (19) and is a resident of Madison County, Alabama.

2. Defendant, Kohler Co., Inc. (hereinafter "Defendant" or "Kohler") is a Foreign Corporation, doing business in the State of Alabama, within the Northern District of Alabama and otherwise meets the definition of "employer" under Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

3. This action arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended.

4. This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1343(a)(4) and 1337.

5. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## CONDITIONS PRECEDENT

6. Plaintiff has exhausted all administrative remedies, as mandated by 29 U.S.C. § 626(d)(1), by filing a Charge of Discrimination with the Equal Employment

Opportunity Commission on July 23, 2025, alleging discrimination by Defendant, a copy of which is attached hereto as Exhibit A and its terms incorporated by reference, as if fully set out herein.

7. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter, dated June 9, 2026, a copy of which is attached hereto as Exhibit B and its terms incorporated by reference, as if fully set out herein.

8. Plaintiff has satisfied all conditions precedent to the filing of the instant Complaint.

## FACTS

9. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 8, as if fully set out herein.

10. Shanita Ross is a thirty-seven (37) year old homosexual female who was hired as a Molding Operator at Kohler on or around October 21, 2021, working forty-plus hours a week.

11. Kohler is a foreign corporation headquartered in Kohler, Wisconsin with an office located at 176 Cochran Road SW, Huntsville, Alabama where Plaintiff worked, with at least fifteen employees at the time Plaintiff was terminated.

12. About a year into Plaintiff's employment, in 2022, she was promoted to Team Lead.

13. On or around May 19, 2025, Plaintiff's immediate supervisor was

Upgrade Supervisor, Debra Liles ("Liles"), who was filling in for her supervisor, Austin Ward, while he was out on leave.

14. On or around May 19, 2025, at approximately 10:30 a.m., while Plaintiff was performing her work duties, employee Kenneth Stevens ("Stevens"), an African-American male, approximately fifty-seven (57) years old, aggressively approached Plaintiff.

15. Stevens invaded Plaintiff's personal space and began yelling at her saying, "You think you're a man, so I'm going to beat your ass like a man. If I don't catch you here, I'll catch you outside of work."

16. Stevens then began to physically attack Plaintiff, and another male employee, Marlon Armstead ("Armstead"), got between Stevens and Plaintiff to intervene.

17. After the incident, on the same day, Plaintiff reported the incident to Liles, as well as to Human Resources ("HR").

18. Plaintiff was then asked to meet with the head of HR, Carla Mindingall ("Mindingall"), Supervisor-Security Kevin Lightford ("Lightford") and USW Local 214M President Zachery "O'Neal" Jackson ("Jackson") at 2 p.m. that day.

19. Plaintiff was immediately suspended by Liles for the remainder of the day for "not acting leaderly."

20. Stevens was not written up, reprimanded, or suspended.

21. That same afternoon at or around 5 p.m., Plaintiff received a call to let her know that she had been demoted to the Press Area, and her pay would be reduced.

22. When Plaintiff found out that Stevens would still be working at Kohler near where she was assigned to work, she feared for her safety and resigned immediately.

23. Plaintiff was retaliated against and terminated in violation of Title VII of the Civil Rights Act of 1964, as amended.

## CAUSE OF ACTION

### Count I
### Violation of Title VII of the Civil Rights Act of 1964, as Amended

24. Plaintiff reasserts the averments set forth in Paragraphs 1 through 23 hereof, as though fully set forth herein.

25. Plaintiff has been subjected to sex discrimination and sexual orientation discrimination.

26. Plaintiff avers Defendant condoned and tolerated the sex discrimination and sexual orientation discrimination and harassment. Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, as amended.

27. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, and injunctive relief,

and declaratory judgment is her only means of securing adequate relief. The unlawful employment practices complained of were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

28. Plaintiff has and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

29. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended.

**Count II**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as Amended**

30. Plaintiff reasserts the averments set forth in Paragraphs 1 through 23 hereof, as though fully set forth herein.

31. Plaintiff engaged in protected activity by reporting Stevens's threatening and physical conduct to Liles and HR on May 19, 2025.

32. Following Plaintiff's report, Defendant suspended plaintiff for "not acting leaderly" and, later that day, demoted Plaintiff to the Press Area with a loss of pay, while Stevens was not written up, reprimanded, or suspended.

33. Defendant retaliated against Plaintiff by suspending and demoting her

because she opposed conduct she reasonably believed to be unlawful under Title VII of the Civil Rights Act of 1964, as amended, in violation of Title VII's prohibition against retaliation.

**Count III**
**Constructive Discharge in Violation of Title VII of the Civil Rights Act of 1964, as Amended**

34. Plaintiff reasserts the averments set forth in Paragraphs 1 through 23 hereof, as though fully set forth herein.

35. Defendant suspended Plaintiff after she reported Steven's conduct, demoted her to the Press Area with a loss of pay, and left Stevens working near Plaintiff's assigned work area without discipline.

36. Plaintiff feared for her safety because Stevens threatened to assault her at work or outside of work and had physically attacked her.

37. Defendant's actions and the conditions described above caused Plaintiff to resign immediately and no reasonable person would have remained employed in light of the imminent threat of physical harm and the Defendant's failure to take any action to protect the Plaintiff in the workplace.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shanita Ross, prays that this Court:

a. Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended;

b. Enjoin the Defendant from engaging in such conduct;

c. Grant Plaintiff an order requiring the Defendant to make her whole by granting appropriate declaratory relief, backpay, front pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs;

d. Award Plaintiff costs and attorneys' fees; and

e. Grant such further and other relief as it may deem just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues triable at law.

Respectfully submitted this the 4th day of September 2026.

*/s/ Eric J. Artrip*
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Holmes Ave. NE, Ste. 100
Huntsville, Alabama 35801
P: (256) 532-2222
F: (256) 513-7489
*teri@mastandoartrip.com*
*artrip@mastandoartrip.com*

**DEFENDANT SERVED BY CERTIFIED MAIL:**

KOHLER CO., INC.
c/o CT Corporation System, Registered Agent
2 N. Jackson St., Ste. 605
Montgomery, AL 36104

*/s/ Eric J. Artrip*
Eric J. Artrip